FILED

1  Steven W. Ritcheson, Esq. (SBN 174062)
2  WHITE FIELD, INC.
   9800 D Topanga Canyon Blvd. #347        2011 NOV 18  PM 3: 47
3  Chatsworth, California 91311
   Telephone: (818) 882-1030               CLERK U.S. DISTRICT COURT
4  Facsimile: (818) 337-0383               CENTRAL DIST. OF CALIF.
   switcheson@whitefieldinc.com            LOS ANGELES
5
6  Attorneys for Plaintiff,
   JOAO CONTROL & MONITORING SYSTEMS, LLC
7
8                UNITED STATES DISTRICT COURT
9           FOR THE CENTRAL DISTRICT OF CALIFORNIA
10                  LOS ANGELES DIVISION

11  JOAO CONTROL & MONITORING            Case No. CV11-9633 JAK (PLAx)
    SYSTEMS, LLC
12                                       **COMPLAINT FOR PATENT
                                         INFRINGEMENT**
13              Plaintiff,
                                         **Jury Trial Demanded**
14        v.
15  GAME LINK, LLC                       BY FAX
16              Defendant.

COMPLAINT FOR PATENT INFRINGEMENT

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Joao Control & Monitoring Systems, LLC ("Plaintiff"), by and through its undersigned counsel, files this Original Complaint against Game Link LLC ("Defendant") as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patent No. 6,587,046 entitled "*Monitoring Apparatus and Method*" (the "'046 patent"; a copy of which is attached hereto as Exhibit A), collectively, "the patents-in-suit". Plaintiff is the owner of the '046 patent. Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

2. Plaintiff is a limited liability company organized and existing under the laws of the state of Delaware. Plaintiff maintains its principal place of business at 122 Bellevue Place, Yonkers, New York 10703. Plaintiff is the owner of the patents-in-suit and possesses the right to sue for infringement and recover past damages.

3. Upon information and belief, Defendant is a company organized under the laws of the state of California, and maintains its principal place of business at 537 Stevenson Street, Suite 100, San Francisco, California 94103.

## JURISDICTION AND VENUE

4. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

5. The Court has personal jurisdiction over each Defendant because: Defendant is present within or has minimum contacts with the State of California and the Central District of California; Defendant has purposefully availed itself of the privileges of conducting business in the State of California and in the Central District of California; Defendant has sought protection and benefit from the laws of the State of California; Defendant regularly conducts business within the State of California and within the Central District of California; and Plaintiff's causes of

1    action arise directly from Defendant's business contacts and other activities in the State of
2    California and in the Central District of California.

3          6.    More specifically, Defendant, directly and/or through authorized intermediaries,
4    ships, distributes, offers for sale, sells, and/or advertises (including the provision of an interactive
5    web page) its products and services in the United States, the State of California, and the Central
6    District of California.  Upon information and belief, Defendant has committed patent
7    infringement in the State of California and in the Central District of California.  Defendant
8    solicits customers in the State of California and in the Central District of California.  Defendant
9    has many paying customers who are residents of the State of California and the Central District of
10   California and who each use Defendant's products and services in the State of California and in
11   the Central District of California.

12         7.    Venue is proper in the Central District of California pursuant to 28 U.S.C. §§ 1391
13   and 1400(b).

14   **COUNT I – PATENT INFRINGEMENT**

15         8.    The '046 patent was duly and legally issued by the United States Patent and
16   Trademark Office on July 1, 2003, after full and fair examination for systems and methods for
17   premises video monitoring.  Plaintiff is the owner of the '046 patent and possesses all substantive
18   rights and rights of recovery under the '046 patent, including the right to sue for infringement and
19   recover past damages.

20         9.    Defendant has infringed and continues to infringe one or more claims of the
21   patents-in-suit, by making, using, providing, offering to sell, and selling (directly or through
22   intermediaries, in this district and elsewhere in the United States, systems and methods for
23   receiving and monitoring video information by a video recording device or camera, including
24   websites such as www.gamelinklive.com (the "Webcam system").  Defendant has also
25   contributed to the infringement of one or more claims of the patents-in-suit by providing to users
26   in this district and elsewhere in the United States, the Webcam system only useful for permitting
27
28

Case 2:11-cv-09633-DOC-RNB   Document 1   Filed 11/18/11   Page 4 of 5   Page ID #:16

users to monitor video obtained by one or more premises video cameras and/or video recording devices in a manner claimed in the '046 patent.

10. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

11. Plaintiff is entitled to recover from the Defendant the damages sustained by Plaintiff as a result of the Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

12. Defendant's infringement of Plaintiff's exclusive rights under the '046 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

13. Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

A. An adjudication that one or more claims of the '046 patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

B. An adjudication that Defendant has contributed to the infringement of one or more claims of the '046 patent, either literally and/or under the doctrine of equivalents;

C. An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendant' acts of infringement together with pre-judgment and post-judgment interest;

D. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant from further acts of infringement with respect to the claims of the '046 patent;

3
COMPLAINT FOR PATENT INFRINGEMENT

E. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. §285; and

F. Any further relief that this Court deems just and proper.

Respectfully submitted,
**WHITE FIELD, INC.**

Dated: November 18, 2011

_____
Steven W. Ritcheson,
Attorney for Plaintiff
JOAO CONTROL & MONITORING SYSTEMS, LLC